[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15642
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00514-KD-B


VANESSA GILL,

                                                    Petitioner-Appellant,

versus

BOBBY BARRETT,
COMMISSIONER KIM TOBIAS THOMAS,
ATTORNEY GENERAL STATE OF ALABAMA,

                                                    Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 6, 2018)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Vanessa Gill, an Alabama prisoner, appeals the district court's denial of her counseled 28 U.S.C. § 2254 petition for a writ of habeas corpus. On appeal, Vanessa[1] argues that the district court erred in denying her habeas relief because her capital murder conviction was not supported by sufficient evidence, in violation of the Due Process Clause. After careful review, we affirm.

I.

On March 25, 2006, Marshall Gill was killed after he was attacked with a baseball bat outside his home. Vanessa, his wife, called 911. The first officer to arrive at the scene saw a car leaving the area, which was eventually stopped after a high-speed chase. Curtis Cook, Jr., was driving the car, and a bloody aluminum bat was found in the trunk. While Cook initially told police that he had killed Marshall in self-defense after a drug deal gone bad, he later testified that his aunt, Vanessa, had asked him to "teach [her husband, Marshall,] a lesson for cheating on her and beating her up." Cook said Vanessa asked him to "beat him up and break his legs and throw some lye in his eye." Cook testified that Vanessa said "she would make sure [he was] taken care of," which he understood to mean that she would pay him.

Cook testified that Vanessa called him on the afternoon of the murder to tell him "today is the day." He drove to meet Vanessa, and she helped him get a hotel

---

[1] Because the Petitioner and the victim share a last name, we will refer to them by their first names.

room nearby.  Cook then followed Vanessa back to her house and parked nearby.

Later that night, Vanessa called Cook to tell him her husband would be coming

outside soon and that Cook should attack him.  Cook attacked Marshall with a

baseball bat and threw lye in his face.  He testified that he kept beating Marshall in

the head until Vanessa tapped him and told him to stop.  She then gave him some

money.  Cook testified that he didn't intend to beat Marshall as badly as he did.

Vanessa disputed Cook's version of events.  She testified that she was inside

the house when she heard her husband screaming outside.  Outside, she said she

saw someone attacking her husband.  She said she picked up a shovel and ran

toward her husband, but stopped when the man attacking him turned and pointed a

gun at her.  She said she dropped the shovel and ran to hide behind her car.  She

said she heard movement and looked up to see three people running away.  She

said she had nothing to do with her husband's death.

A jury convicted Vanessa of capital murder, and a judge sentenced her to

life in prison without the possibility of parole.  Vanessa filed a motion for

judgment notwithstanding the verdict based in part on insufficient evidence, which

the trial court denied.  On appeal, the Alabama Court of Criminal Appeals affirmed

Vanessa's conviction, and the Alabama Supreme court denied certiorari.  Vanessa

then filed a petition for state post-conviction relief.  The Alabama trial court denied

the petition, the Alabama Court of Criminal Appeals affirmed, and the Alabama

Supreme Court denied certiorari.

Vanessa then filed a petition for federal habeas relief.  The district court

denied all of her claims on the merits but granted a certificate of appealability

("COA") on one claim: whether the state court unreasonably applied the standard

for sufficient evidence set out in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781

(1979), in violation of the Fourteenth Amendment.[2]  In response, the government

argues that Vanessa's claim is procedurally barred because she did not exhaust her

federal sufficiency-of-the-evidence claim in state court.

## II.

"We review de novo a district court's denial of a habeas corpus petition."

McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

Under § 2254(d), a federal court may not grant habeas relief on a claim that

was previously adjudicated in state court, unless the state court's adjudication (1)

"resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law," or (2) "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence

presented in the State court."  28 U.S.C. § 2254(d).  The "contrary to" clause

within § 2254(d)(1) permits federal habeas relief if the state court reaches a legal

---

[2] In a separate order, we denied Vanessa's motion to expand the COA and struck portions of her brief that discussed claims outside the scope of the COA.

conclusion conflicting with one reached by the Supreme Court, or if it reaches a different result than the Supreme Court in a case involving materially indistinguishable facts. Borden v. Allen, 646 F.3d 785, 817 (11th Cir. 2011). The "unreasonable application" clause within § 2254(d)(1) permits federal habeas relief if the state court applies the correct legal principle to the facts of the petitioner's case in an objectively unreasonable manner. Id.

Under § 2254(d)(2), a state court's factual determination is unreasonable if no fair-minded jurist could agree with that determination. Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1257 (11th Cir. 2012). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849 (2010). The state court's determination of a factual issue is presumed to be correct, and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In Jackson v. Virginia, the Supreme Court held that the "critical inquiry" in an appeal challenging the sufficiency of the evidence under the Due Process Clause is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 318–19, 99 S. Ct. at 2789. The trier of fact has a responsibility "to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id. at 319, 99 S. Ct. at 2789. A reviewing court may not substitute its own judgment as to whether it believes the evidence was sufficient to sustain a conviction. Id. at 318–19, 99 S. Ct. at 2788–89.

The Supreme Court has described the analysis of Jackson claims in federal habeas proceedings as involving "two layers of judicial deference." See Coleman v. Johnson, 566 U.S. 650, 651, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, a court may set aside a jury verdict "only if no rational trier of fact could have agreed with the jury." Id. (quotation omitted). Second, a state court decision may only be overturned if it was "objectively unreasonable." Id. (quotation omitted).

Under Alabama Law, "[m]urder done for a pecuniary or other valuable consideration or pursuant to a contract or for hire" is a capital offense. Ala. Code § 13A-5-40(a)(7). A person accused of hiring another to commit a murder is not guilty unless she is "legally accountable for the murder because of complicity in the murder itself under the provisions of Section 13A-2-23, in addition to being guilty of the other elements of the capital offense." Id. § 13A-5-40(c). A person is legally accountable for another's criminal behavior "if, with the intent to promote or assist the commission of the offense: (1) [she] procures, induces or causes the other person to commit the offense; or (2) [she] aids or abets such other person in committing the offense." Id. § 13A-2-23. For a person to be convicted of a capital

6

offense under the accomplice liability doctrine, that person must have had a "particularized intent to kill." See Ex parte Raines, 429 So. 2d 1111, 1112 (Ala. 1982).

Circumstantial evidence is sufficient to support a jury's finding of guilt. White v. State, 314 So. 2d 857, 863–64 (Ala. 1975). In addition, a "jury [i]s entitled to believe as much or as little of [a] witness['s] testimony as it f[inds] credible." United States v. Matthews, 431 F.3d 1296, 1312 (11th Cir. 2005) (per curiam). If disbelieved, a jury may take a defendant's testimony as evidence that "the opposite of h[er] testimony is true." United States v. Williams, 390 F.3d 1319, 1325 (11th Cir. 2004) (quotation omitted).

### III.

Here, the district court granted a COA on the issue of whether the evidence presented at trial was insufficient to support Vanessa's conviction for capital murder, thus violating Jackson. On appeal, Vanessa argues specifically that no evidence was presented showing she had particularized intent to commit capital murder because the "self-serving testimony of her thrice felony-convicted drug dealer nephew, Curtis Cook" was not credible. And even if it had been credible, she argues that it did not show her particularized intent to kill.

Vanessa's claims do not meet the difficult standard for federal habeas relief. First, her argument about Cook's credibility is not sufficient to show that no

7

reasonable juror could have found her guilty.  Vanessa and Cook both testified at trial, and the jury was free to believe Cook's version of events and disbelieve Vanessa's.  See Williams, 390 F.3d at 1325.  Second, viewing all evidence in favor of the prosecution, a reasonable trier of fact could have found beyond a reasonable doubt that Vanessa had the particularized intent for Cook to kill her husband, such that she was guilty of capital murder.  Jackson, 443 U.S. at 318–19, 99 S. Ct. at 2789; Raines, 429 So. 2d at 1112.  Evidence was presented that Vanessa asked Cook to beat her husband and throw lye in his face, and that she waited to stop the beating until Cook had hit Marshall repeatedly in the head with a metal baseball bat.  Third, even if it was debatable whether a reasonable trier of fact could have found that Vanessa had the requisite intent, she has failed to show by clear and convincing evidence that the state court's conclusion was objectively unreasonable.  See Coleman, 566 U.S. at 651, 132 S. Ct. at 2062.  Because the state court's decision was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts, we therefore affirm.[3]  See 28 U.S.C. § 2254(d).

**AFFIRMED.**

---

[3] Because we reject Vanessa's petition on the merits, we need not reach the government's argument that she did not properly exhaust her claim. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").